**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEKSEY NECHITAYLO, | No. 15-17550 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01001-JAM-CKD |
| v. | |
| THE WEDUM FAMILY LIMITED PARTNERSHIP, a California Partnership, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 19, 2017**
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and OLIVER,*** Chief District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

Aleksey Nechitaylo appeals the district court's order awarding Nechitaylo's counsel attorneys' fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's determination that attorney Irene Karbelashvili demonstrated skill below the level expected of an attorney with her experience was not illogical, implausible, or without support in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc). Therefore, the district court did not abuse its discretion in concluding that $150 was a "reasonable hourly rate" for Karbelashvili based on the quality of her representation. *See Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1046 (9th Cir. 2000).

The district court did not abuse its discretion in reducing the number of hours claimed by 25 percent. The district court gave a "concise but clear" explanation of its reasons for the reduction. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The district court was not required to "set forth an hour-by-hour analysis of the fee request," and had "the authority to make across-the-board percentage cuts . . . in the number of hours claimed." *In re Smith*, 586 F.3d 1169, 1174 (9th Cir. 2009) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)).

Nechitaylo shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**